EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION

v.

CHESAPEAKE & OHIO RAILWAY
COMPANY.

Civ. A. No. 75–0478–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 22, 1978.
Supplemental Opinion Oct. 2, 1978.

**675**

James E. Rumsey, Delores Wilson, Regional Atty., Frank J. Tuk, Associate Regional Atty., Equal Employment Opportunity Commission, Philadelphia, Pa., Eliot Norman, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Jack W. Burtch, Jr., Christine H. Perdue, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

On 22 October 1976 this Court entered judgment herein in favor of the defendant Chesapeake & Ohio Railway Company. This judgment was appealed to the United States Court of Appeals for the Fourth Circuit which, in an opinion dated 24 May 1978 affirmed in part and reversed in part the judgment of this Court, and remanded the case for further proceedings. *EEOC v. Chesapeake & Ohio Ry. Co.,* 577 F.2d 229 (4th Cir. 1978).

Among the findings of this Court affirmed by the Court of Appeals was the fact that the defendant had not discriminated against blacks in promotions to positions excepted from the defendant's seniority plan. After confirming the view of this Court that plaintiff's evidence was insufficient to establish a prima facie case, the Court of Appeals added:

> In support of the commission's claim for class relief, however, a BRAC official testified that he knew of a black employee who "could have been awarded" an excepted position but was not. Although we hold that there is no entitlement to class relief, on remand the facts underlying this testimony should be explored to determine whether an individual claim exists.

The testimony referred to by the Court of Appeals came from Robert F. Malcolm, General Chairman of the C&O System Board of Adjustment, Revenue, for the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Ex-

press and Station Employees (BRAC). In the course of his testimony, Malcolm observed that the position of his Union was that blacks should be given equal opportunity to hold excepted positions. The Court asked Malcolm if it was his position that the Company was discriminating against blacks in filling excepted positions. Malcolm first answered that only one black employee had been awarded an excepted position in Richmond. The Court repeated its question and Malcolm answered that there had been other jobs that blacks might have bid for and could have held. The Court again repeated its question, and Malcolm replied, "I'm not exactly saying that they have discriminated," but that he had received complaints from people because they have not been awarded certain positions. The Court pointed out that receipt of complaints alone is not proof of discrimination, and once again asked Malcolm whether it was his view that blacks were being discriminated against. Finally, Malcolm said, "I know of one position that I personally thought a black employee could have been awarded it, the position, however, they were not awarded the position." Tr. 666–8.

Under these circumstances, this Court is in a quandry as to how the underlying facts "should be explored to determine whether an individual claim exists."

It would not have been expected in an adversary system that defendant C&O at trial, or now on remand, would seek through cross-examination of Malcolm to prove that defendant discriminated against anyone. Nor did Malcolm's testimony shift any burden of proof on to C&O.

■ Plaintiff EEOC manifestly had the burden of proof at trial and though the Court's questions had revealed what Malcolm "personally thought" the EEOC, whose witness he was, apparently determined either that Malcolm's observation was not worth exploring or they simply weren't interested. In any event, in an adversary system they had the burden of proof of discrimination and they patently did not even attempt to carry the burden as to the possible individual claim.

■ Having had a full and fair opportunity to develop and try their case and having failed in their burden of proof, the Court cannot suppose that they are now to be given another try on remand. Such an opportunity is available to a party litigant only if error in law by the trial court deprived the party of a fair opportunity to present his case. The Court of Appeals found no such error. Accordingly, plaintiff EEOC has no such right under fundamental principles of law.

If defendant has no duty to develop the case for the unknown putative discriminatee and if plaintiff has no right to do so, then that only leaves the Court to attempt to elicit the facts.

■ But under our adversary system courts are not supposed to conduct an inquisition. Though a trial judge may, as he did in this case, question witnesses to clarify points raised by the parties, the responsibility for proving the facts necessary to establish its case always remains with the plaintiff. Thus, it could not be that the Court of Appeals intended an inquiry by the Court. It is true that under 28 U.S.C. § 2106 the Court of Appeals may remand and "require such further proceedings to be had as may be just under the circumstances." But the Court of Appeals would not require proceedings which are not permitted by law. To do so would, itself, be unjust as well as unlawful.

There is a further question for concern. The unknown putative discriminatee was a member of the class represented by plaintiff EEOC. In a trial conducted without prejudicial error the trial court found for defendant and the trial court's judgment on that issue was affirmed by the Court of Appeals. Despite the absence of reversible error, the judgment of the trial court was reversed as to one of the class members and his cause was remanded for a new trial.

Thus, we have a final unappealable judgment that the class was not discriminated against juxtaposed against a possible claim from a member of that class that he was discriminated against. The effects of *res*

*judicata* in such a situation may be complex.[1]

■ One further matter concerns the Court. There is nothing in the record to show that the discrimination that Malcolm had in mind has been the subject of a reasonable cause determination or conciliation by the EEOC. If this charge has not been the subject of a reasonable cause determination and conciliation, this Court is without jurisdiction to consider it. *See EEOC v. General Electric Co.*, 532 F.2d 359, 366 (4th Cir. 1976). Under these circumstances the benefit to be gained from any inquiry into the facts underlying Malcolm's testimony is extremely doubtful, and the power of the Court to award relief is questionable.[2]

Noting these bothersome questions raised by the remand on the claim of the unknown discriminatee, the Court must depend upon counsel to advise how they shall be resolved or, indeed, whether the questions have any substance. To this end a status conference will be called at which time the Court will hear the arguments of counsel on the questions raised and will receive from EEOC its designation in writing as to the issues it intends to pursue on remand.

### Supplemental Opinion

On 22 August 1978 this Court entered an order directing the parties to advise what action this Court should take in response to the mandate of the Court of Appeals, *EEOC v. Chesapeake & O. Ry.*, 577 F.2d 229, 233 (4th Cir. 1978), that the Court "explore" the circumstances underlying a statement made at the trial by one of the witnesses with respect to an unnamed individual with a possible discrimination claim.

In response defendant Chesapeake & Ohio Railway filed a motion for partial summary judgment with supporting affidavits and exhibits. Plaintiff Equal Employment Opportunity Commission at pretrial conference stated it could not oppose defendant's motion. From the motion and affidavits it appears that the unnamed individual the witness referred to was one James E. Stewart. Stewart himself had testified fully at trial. His claim of racial discrimination had been adjudicated by this Court and this adjudication had been affirmed on appeal.

■ Thus it appears that the adversary system which the trial court had depended on had worked in the manner expected of it at trial. The questions posed to this Court by the mandate had been fully disposed of by the ordinary processes of trial advocacy. No exploration or inquisition by the Court is required. The motion will be granted.

---

1. *See Lewis v. Philip Morris*, 419 F.Supp. 345 (E.D.Va.1976), *rev'd on other grounds sub nom. Lewis v. Tobacco Wkrs. Int'l Union*, 577 F.2d 1135 (4th Cir. 1978). The situation is further clouded by the fact that although the Court of Appeals framed its opinion in terms of "class relief" there is no class actually before the Court. The unknown putative discriminatee is not a party to this action, although he probably has the right to intervene pursuant to Fed.R. Civ.P. 24. The parties should be prepared to address the question of what notice, if any, is appropriate to the unknown putative discriminatee if he can be identified.

2. Perhaps this deficit, if it exists, can be cured by a stay pursuant to 42 U.S.C. § 2000e–5(f)(1) pending further efforts by the Commission to identify the putative discriminatee, determine whether in fact discrimination exists, and attempt to obtain voluntary compliance.